OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


In re Application of Wang.
[Cite as In re Application of Wang (1994),    Ohio St. 3d   .]
Attorneys at law -- Applicant for admission to the practice of
    law in February 1993 bar examination continues to fill out
    Multistate Bar Examination answer sheet after being told
    to stop -- Applicant denies such conduct in written
    statement to Board of Bar Examiners and in hearing
    testimony before the board -- Applicant not permitted to
    sit for bar examination prior to February 1995 and must
    repeat the application process in its entirety.
(No. 94-1446 -- Submitted August 17, 1994 -- Decided
November 9, 1994.)
On Report by the Board of Commissioners on Character and
Fitness, No. 96.
Applicant, Donald Zhengdong Wang, attended the University
of Akron School of Law from 1989 through 1992.  In late 1992,
applicant applied to take the February 1993 Ohio Bar
examination.
On the second day of the February 1993 examination,
applicant was observed marking answers on his Multistate Bar
Examination ("MBE") answer sheet after time had expired and all
applicants had been instructed to stop.  He continued to mark
answers even after being told personally by Supreme Court
personnel to stop.
The Chair and the Secretary to the Board of Bar Examiners
met with applicant at the conclusion of the February 1993 bar
exam in order to discuss with him the allegation that he had
continued to fill out the MBE answer sheet after he had been
told to stop.  When questioned about his conduct during the
MBE, applicant denied that he had completed any answers after
time had been called.  He continued to deny the accusation in a
written statement to the Board of Bar Examiners and in hearing
testimony before that board.
On April 16, 1993, the Board of Bar Examiners issued its
report, finding that applicant had engaged in the conduct
alleged.  Applicant's February 1993 bar examination was
disqualified and the matter was referred to the Board of
Commissioners on Character and Fitness for further

consideration of applicant's character, fitness and moral qualifications to practice law.

The matter was heard by a panel of the Board of Commissioners on Character and Fitness ("panel") on May 5, 1994. At the hearing, applicant admitted that he continued to answer bar examination questions after being told to stop. He also admitted that he lied to the Board of Bar Examiners about his misconduct when questioned. The applicant testified that his actions were precipitated by extreme stress, related both to the test itself and a recent family crisis. He realized, however, that his acts were both dishonest and wrong.

Applicant stated that he understood the importance of honesty and truthfulness in any lawyer, and vowed that such a breach would not be repeated. Applicant's assurances were echoed by his employer, Akron attorney Timothy M. Manley, who testified that he believed applicant would not do the act again and that he remained convinced that applicant possessed the requisite character and fitness to practice law. Several character letters also attested to applicant's honesty and integrity.

The panel found that applicant had violated the bar examination rules to his advantage and had responded untruthfully to the Board of Bar Examiners about the incident. The panel also found that applicant realized the gravity of his acts and deeply regretted them.

The panel concluded that applicant did possess the character and fitness necessary to be admitted to the practice of law in Ohio. It accordingly recommended that he be permitted to sit again for the bar examination in the state of Ohio. Upon review of the evidence, the board adopted the panel's findings. However, the board determined that applicant should not be approved and should not be permitted to sit for the bar examination prior to February 1995. The board also recommended that, as a prerequisite to taking the examination, applicant should be required to repeat the examination application process in its entirety. The board, in reaching its conclusion, determined that applicant's offenses were extremely serious and could not be excused by stress, no matter how severe. The board, however, also recommended that applicant be permitted to reapply for the February 1995 bar examination. The board noted that it believed that applicant had had ample time to reflect upon and develop an understanding of his actions and how these actions were contrary to the qualities required of a lawyer. The board further noted that at the hearing before the panel, applicant had demonstrated that he should be given the opportunity to re-enter the bar examination process.

Donald Z. Wang, pro se.
Jeffrey D. Van Niel, Special Investigator for the Board of Commissioners on Character and Fitness.

Per Curiam. We hereby adopt the findings, conclusions and recommendations of the board. Accordingly, applicant is disapproved and may not sit for the Ohio bar examination prior to February 1995. Furthermore, in order to sit for the February 1995 bar exam, applicant must file an Application to

Take the Bar Examination with the Admissions Office of the Supreme Court.

                                    Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.